# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHA THAO MOUA,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:17-cv-01223-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

This matter is before the Court on Plaintiff's Complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for Supplemental Security Income. The parties have consented to entry of a final judgment by the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 6, 8).

The Court, having heard from the parties at a hearing on November 6, 2018, and having reviewed the record, administrative transcript, briefs of the parties, and the applicable law, finds as follows:

Plaintiff primarily challenges the weight given to the opinions of Dr. Yang and Dr. Rios. The ALJ provided the following reasons for rejecting the opinion of Dr. Yang:

> Whether a claimant is able to work is an issue reserved to the Commissioner, pursuant to SSR 95-6p. Consequently, Dr. Yang's opinion regarding this has been disregarded. Generally, more weight is afforded the opinion of a treating source as the treating source is most often in the best position to provide a detailed, longitudinal picture of the claimant's medical impairments which cannot be obtained from the objective medical findings or one time examination, [sic] If the

1

> treating source's medical opinion is not well-supported or consistent with the other substantial evidence it is not entitled to controlling weight. Here, little weight is given to the remainder of the doctor's opinion. He identified the claimant's primary impairments as low back pain and depression. Very little evidence supports the claimant's back complaints; imaging had been negative. Although Dr. Yang prescribed the claimant with psychotropic medications, and diagnosed her with depression, he is not a mental health specialist. Further, he gave the claimant manipulative limitations, apparently based on the claimant's complaints. As the doctor acknowledged, he did not have a formal diagnosis for this yet. He also did not have supporting evidence in the way of imaging.

(A.R. 31). Moreover, the ALJ's reasons for rejecting the two opinions from Dr. Rios are as follows:

> The claimant was seen by consultative internist Tomas Rios, M.D., in November 2011. The doctor conducted an internal medical examination. No records were sent for review. The claimant presented with complaints of chronic low back pain and multiple joint pains, including in her bilateral shoulders, bilateral wrists and bilateral knees. She reported she had experienced back pain since a 2002 motor vehicle accident, although she had not received treatment for her back. The claimant exhibited range of motion deficits in her lumbar spina and left shoulder. Straight leg raising was 80 degrees bilaterally, without accompanying pain. Dr. Rios noted the claimant's effort was suboptimal in testing of her lumbar spine. She had tenderness in her left shoulder and lower back. Motor strength was globally reduced, but again, he assessed her effort as suboptimal. . . .
>
> Dr. Rios performed a thorough, well-documented physical examination of the claimant. However, little weight is given to this opinion. The doctor appeared to rely on the claimant's subjective complaints, which were unsupported by medical findings, and further undermined by his notes stating the claimant's effort during testing was suboptimal. . . .
>
> Tomas Rios performed a second physical assessment of the claimant in December 2015. The claimant complained of multiple joint pains and chronic back pain. She was able to ambulate through the examination room without assistance. The claimant's coordination, station and gait were normal. She exhibited some range of motion deficits in her lumbar region, and minor deficits in her bilateral wrists. The claimant had tenderness along the bilateral acromioclavicular joints of her shoulders, at the base of her left thumb, along the mid and lower lumbar spine, with no spasms, and in the medial compartments of her bilateral knees. Motor strength was 4+/5 throughout her upper and lower extremities, with no spasms or muscle wasting. Sensory examination was grossly intact. . . .
>
> Some weight is given to this opinion. The diagnosis of lumbar disc disease is unsupported by x-rays of any magnetic resonance imaging (hereinafter "MRI"). The undersigned finds it significant that the doctor noted she was able to ambulate around the examination room on her own, and that he said she did not require a cane.

2

(A.R. 32).

This Court finds that these reasons are good reasons supported by substantial evidence. The ALJ properly summarized the findings of the doctors, including observations and tests not consistent with their conclusions, and provided specific and legitimate reasons for assigning the weight he did. In particular, substantial evidence supports the ALJ's finding that Plaintiff's subjective complaints were not credible, and there was otherwise a lack of substantial medical evidence supporting their opinion regarding the severity of her limitations.

Indeed, Plaintiff does not challenge the ALJ's adverse credibility finding. This finding was noted throughout the ALJ's opinion, including the following:

- "The claimant's I.Q. testing is invalid due to malingering, so there is no evidence establishing her I.Q." (A.R. 27).

- "The claimant said her mood was sad, but Dr. Murphy said her emotional expression was not congruent with this. She demonstrated a lack of interest in the interview and testing. Dr. Murphy administered the Comprehensive Test of Nonverbal Intelligence. She scored in the very poor range. The doctor opined her poor performance appeared contrived, and she made little effort to correctly perform the tasks asked of her. She also scored very low on the Wechsler Memory Scale, IV Edition. Dr. Murphy said the test results should not be considered valid due to the claimant's lack of effort." (A.R. 29).

- "To the extent of the doctor's opinion regarding the claimant's malingering, the undersigned gives it great weight. This opinion is supported by other contradictory evidence in the record." (A.R. 29).

- "Dr. Rios noted the claimant's effort was suboptimal in testing of her lumbar spine. . . . Motor strength was globally reduced, but again, he assessed her effort as suboptimal." (A.R. 30).

- Compare, "She was using a cane to ambulate," (A.R. 28), with, "The undersigned finds it significant that the doctor noted she was able to ambulate around the examination room on her own, and that he said she did not require a cane," (A.R. 32).

- "The claimant has provided inconsistent statements regarding her application. At the November 2011 examination with Dr. Rios, she said she did not take any medications (Exhibit 1F). The following month she told the psychologist she took medication for her back problems (Exhibit 2F). Furthermore, two consultative physicians have felt the claimant was malingering. She testified in January 2014 that she did not understand English, yet her aunt said the claimant was unable to

read or write English, but she was able to speak limited English (Exhibit 5E, p. 7). The claimant also testified she had attended school to learn English for her citizenship test, which was in English. She said she passed the test." (A.R. 34).

- "The claimant had many complaints, with little, if any, supporting medical findings or laboratory results. She complained of chest pain and shortness of breath, but an electrocardiogram was negative. The claimant repeatedly reported low back pain. X-rays were unremarkable. She said her left shoulder hurt. X-rays were normal. Consultative examiners questioned the claimant's effort." (A.R. 34).

Plaintiff does little to refute these critical findings that Plaintiff had been malingering and reported symptoms contradicted by medical evidence. Plaintiff's opening brief notes that the relevant doctors did not opine that Plaintiff performed sub-optimally on *every* test, and that it is possible Plaintiff underperformed for some reason other than malingering. (ECF No. 17 at 14). Plaintiff also explains that Dr. Rios' observation of Plaintiff walking without a cane was consistent with Dr. Rios' limitations, (ECF No. 17 at 17), but does not explain why Plaintiff uses a cane at doctor's appointments and at the hearing before the ALJ when she does not need one, (A. R. 16). Plaintiff's reply brief does not address the issue of malingering. (ECF No. 26). Plaintiff thus fails to refute a central basis for the ALJ's opinion: that Plaintiff was not honest with the ALJ or her doctors regarding her symptoms, and thus medical opinions that rely primarily on Plaintiff's subjective complaints are properly given little weight.

Against these observations of malingering, the record has little objective evidence of substantial limitations. (A. R. 32). Plaintiff did not have an MRI. X-rays did not show any impairments. At oral argument, Plaintiff's counsel pointed to only three pieces of medical evidence beyond Plaintiff's own observations: positive straight leg raises, ropiness in muscles, and tenderness in back. However, the positive straight leg raises and tenderness in back are not purely objective because they rely on Plaintiff's reports as to when she felt pain. The ropiness in muscles is a vague description that does not confirm any specific limitation. Nevertheless, these minimal objective findings do not support the limitations provided by Drs. Yang and Rios. Rather, they support the ALJ's RFC, which included limitations reflecting the ALJ's finding that Plaintiff had tenderness in her back and back, right hip, and shoulder strains or sprains.

Plaintiff's counsel did not raise any other issues in her oral argument. The Court has

4

reviewed the ALJ's reasons for weight given to Dr. Zhang and Dr. Parayno, raised in Plaintiff's briefs, and found those reasons to be adequate especially in light of the adverse credibility findings discussed above.

For the foregoing reasons, the Court finds that the decision of the Commissioner of Social Security is supported by substantial evidence, and is hereby affirmed.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 6, 2018**                    /s/ Eric P. Grosj[signature]
                                               UNITED STATES MAGISTRATE JUDGE